UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.
Lower Court Case No: CACE-18-015835

RICHARD BREESE,

    Plaintiff,

v.

HARBOR FREIGHT TOOLS, USA, INC.,

    Defendant.
_____/

## DEFENDANT'S, HARBOR FREIGHT TOOLS, USA, INC., NOTICE OF REMOVAL

Defendant, HARBOR FREIGHT TOOLS, USA, INC. (hereinafter "Defendant" or "HARBOR FREIGHT"), by and through the undersigned counsel hereby gives notice that the action <u>Richard Breese v. Harbor Freight Tools, USA, Inc.</u>, Case No.: CACE-18-015835 in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida is removed to the United States District Court in and for the Southern District of Florida, Broward Division.

## GROUNDS FOR REMOVAL

1.    On June 29, 2018, Plaintiff Richard Breese (hereinafter "Plaintiff" or "Breese") filed suit against Defendant in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, styled <u>Richard Breese v. Harbor Freight Tools, USA, Inc.</u>, Case No.: CACE-18-015835.

2.    Defendant was served with the Complaint on July 6, 2018.

3.    This Court has jurisdiction of this action under diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

4.    Pursuant to U.S.C. §§ 1332(a), federal courts have diversity jurisdiction when the suit involves a controversy between citizens of different states and the amount in controversy

20279872.v1

exceeds $75,000, exclusive of interest and costs. U.S.C. §§ 1332(a); Palmer v. Hosp. Auth., 22 F3d 1559, 1564 (11th Cir. 1994).

5. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant."

6. This Notice of Removal is timely under 28 U.S.C. §§ 1446(b), which provides that the notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ."

7. Defendant has filed this Notice of Removal within thirty (30) days of service of process and within thirty (30) days of receiving Plaintiff's post-suit settlement demand of $100,000. See 28 U.S.C. §§ 1446(b) ("[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order *or other paper* from which it may first be ascertained that the case is one which is or has become removable.") (emphasis supplied).

8. In accordance with 28 U.S.C. §§ 1446(a), all of the process and pleadings served upon Defendant in this action to date are attached to this notice as composite **Exhibit A**.

## DIVERSITY OF CITIZENSHIP

9. As of the date of this filing, complete diversity of citizenship exists between the Plaintiff and the Defendant. Complete diversity of citizenship between the parties also existed at the time Plaintiff filed this action in state court.

10. At the time suit was commenced, Plaintiff was a resident of Monroe County, Florida and, upon information and belief, citizen of the State of Florida. See Complaint, Exhibit A. Upon information and belief, Plaintiff is currently a resident and citizen of the State of Florida.

11. For purposes of determining its citizenship under 28 USC § 1332(c)(1), Defendant HARBOR FREIGHT is, and was at the time Plaintiff commenced this action, a citizen of the State of Delaware because it was incorporated in the State of Delaware.

20279872.v1

12. Defendant's principal place of business is, and was at the time suit was commenced, located in Calabasas, California; accordingly, Defendant is also a citizen of the State of California under 28 USC § 1332(c)(1).

13. Plaintiff BREESE and Defendant HARBOR FRIGHT are the only two parties to this action. Accordingly, complete diversity of citizenship exists under 28 USC § 1332.

## AMOUNT IN CONTROVERSY

14. If it is not apparent from the Complaint that the amount in controversy exceeds $75,000, then the Notice of Removal may be filed 30 days after Defendant first learns that the claim exceeds $75,000 through an amended pleading, motion, order or other paper. See 28 U.S.C. § 1446(b).

15. Courts in this District have determined that "other paper" can be "responses to request for admissions, settlement offers, and other correspondence between parties." See Weisler v. Safeco Inc. Co., 2014 WL 12452096 (S.D. Fla. Nov. 14, 2014) (denying plaintiff's motion to remand because pre-suit demand letter combined with allegations in complaint of serious injuries established amount in controversy requirement for removal); Racaniello v. Fresh Mkt., Inc., 2014 WL 12479404 (S.D. Fla. Oct. 22, 2014); Musser v. Walmart Stores East, L.P., 2017 WL 1337477 (S.D. Fla. April 12, 2017) (order denying plaintiff's motion to remand and finding that courts routinely consider post-suit demands in determining the amount in controversy); MIR Convenience Store, Inc. v. Century Surety Co., 2014 WL 2118878 (S.D. Fla. May 21, 2014) (order denying motion to remand finding that plaintiff's post-suit demand was the document from which it could be first ascertained that the amount in controversy threshold was satisfied, thereby triggering removal period).

16. In the instant case, the amount in controversy exceeds $75,000, exclusive of interest and costs. Although the Amended Complaint filed in state court merely alleges that Plaintiff's damages exceed $15,000, Defendant can establish, by a preponderance of the evidence, that the amount in controversy in this case "can more likely than not be satisfied." Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1281 n.5 (11th Cir. 2001); Williams v. Best Buy Co., 269 F.3d 1316 (11th Cir. 2001) (When the "jurisdictional amount is not facially apparent from the complaint, the

court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed" in determining if the amount in controversy exceeds the jurisdictional requirement.).

17. Plaintiff has admitted that he is seeking more than $75,000, exclusive of interest and costs, in damages from Defendant as a result of the loss described in the Amended Complaint. Prior to filing suit, on January 16, 2017, former counsel for Plaintiff communicated a settlement demand of $150,000 to Defendant based on Plaintiff's medical bills incurred, permanent scarring, loss of sensation and permanent nerve damage suffered as a result of the subject incident. A copy of Plaintiff's demand letter dated January 16, 2017 is attached hereto as **Exhibit B**.

18. After filing the Complaint, Plaintiff communicated a post-suit settlement demand to Defendant on July 20, 2018 based on Plaintiff's alleged permanent injuries, scarring, nerve damage, and continuing chronic pain as a result of the subject incident. This second demand sought $100,000 to resolve Plaintiff's claim against Defendant. A copy of Plaintiff's post-suit demand letter dated July 20, 2018 is attached hereto as **Exhibit C**.

18. Further, the Complaint contains serious allegations that as a result of Defendant's negligence, Plaintiff "was injured in and about his body and extremities, and/or aggravated a pre-existing condition; suffered pain therefrom; suffered physical handicap; suffered disfigurement; suffered mental pain and suffering; aggravation of a pre-existing condition; suffered loss of income; suffered loss of capacity for the enjoyment of life and/or incurred medical expenses for the care and treatment of his injuries. Said injuries are permanent and continuing in nature . . ." See Compl., Exhibit A.

19. Based on this Court's prior decisions discussed herein, the serious allegations in the Complaint coupled with Plaintiff's post-suit settlement demand seeking $100,000 are sufficient for Defendant to demonstrate that the amount in controversy exceeds $75,000, exclusive of interest and costs.

## COMPLIANCE WITH REMOVAL PROCEDURES

20. As required by 28 U.S.C. § 1446(d), Defendant filed a true and correct copy of this Notice of Removal with the Clerk of the Circuit Court of the Seventeenth Judicial Circuit in and

20279872.v1

for Broward County, Florida. A copy of the Notice of Filing the Notice of Removal is attached hereto as **Exhibit D**. Defendant also served this Notice of Removal upon all adverse parties on the date set forth in the Certificate of Service below.

21. The United States District Court for the Southern District of Florida, Broward Division, is the district and division within which the state court action is pending.

22. Accordingly, Defendant has satisfied all the removal prerequisites of 28 U.S.C. § 1446.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was provided to Brandon L. Chase, Esquire at chase@cruiselawmiami.com; assistant@cruiselawmiami.com; Law Offices of Brandon L. Chase, P.A., 25 Southeast 2nd Avenue, 8th Floor, Miami, Florida 33131, on this 3rd day of August, 2018.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　/s/Rodney Janis
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Rodney Janis, Esquire
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Florida Bar No. 647896
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Attorneys for Defendant
　　　　　　　　　　　　　　　　　　　　　　　　　　　　GOLDBERG SEGALLA, LLP
　　　　　　　　　　　　　　　　　　　　　　　　　　　　222 Lakeview Avenue, Suite 800
　　　　　　　　　　　　　　　　　　　　　　　　　　　　West Palm Beach, FL 33401
　　　　　　　　　　　　　　　　　　　　　　　　　　　　(561) 618-4450 Office
　　　　　　　　　　　　　　　　　　　　　　　　　　　　(561) 618-4549 Fax
　　　　　　　　　　　　　　　　　　　　　　　　　　　　*Email designations:*
　　　　　　　　　　　　　　　　　　　　　　　　　　　　*rjanis@goldbergsegalla.com*
　　　　　　　　　　　　　　　　　　　　　　　　　　　　*krowe@goldbergsegalla.com*

20279872.v1