Case Number: CACE-18-015835 Division: 03

Filing # 74318606 E-Filed 06/29/2018 02:38:31 PM

## FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law.  This form must be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to section 25.075, Florida Statutes.  (See instructions for completion.)

---

**I.     CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>SEVENTEENTH</u>  JUDICIAL CIRCUIT,
IN AND FOR <u>BROWARD</u>  COUNTY, FLORIDA

Case No.: _____
Judge: _____

<u>Richard Breese</u>
 Plaintiff
         vs.
<u>Harbor Freight Tools USA, Inc.</u>
Defendant

---

**II.     TYPE OF CASE**

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☒ Negligence – other
  - ☐ Business governance
  - ☐ Business torts
  - ☐ Environmental/Toxic tort
  - ☐ Third party indemnification
  - ☐ Construction defect
  - ☐ Mass tort
  - ☐ Negligent security
  - ☐ Nursing home negligence
  - ☒ Premises liability – commercial
  - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
  - ☐ Commercial foreclosure $0 - $50,000
  - ☐ Commercial foreclosure $50,001 - $249,999
  - ☐ Commercial foreclosure $250,000 or more
  - ☐ Homestead residential foreclosure $0 – 50,000
  - ☐ Homestead residential foreclosure $50,001 - $249,999
  - ☐ Homestead residential foreclosure $250,000 or more
  - ☐ Non-homestead residential foreclosure $0 - $50,000
  - ☐ Non-homestead residential foreclosure $50,001 - $249,999

- ☐ Non-homestead residential foreclosure $250,00 or more
- ☐ Other real property actions $0 - $50,000
- ☐ Other real property actions $50,001 - $249,999
- ☐ Other real property actions $250,000 or more

- ☐ Professional malpractice
  - ☐ Malpractice – business
  - ☐ Malpractice – medical
  - ☐ Malpractice – other professional
- ☐ Other
  - ☐ Antitrust/Trade Regulation
  - ☐ Business Transaction
  - ☐ Circuit Civil - Not Applicable
  - ☐ Constitutional challenge-statute or ordinance
  - ☐ Constitutional challenge-proposed amendment
  - ☐ Corporate Trusts
  - ☐ Discrimination-employment or other
  - ☐ Insurance claims
  - ☐ Intellectual property
  - ☐ Libel/Slander
  - ☐ Shareholder derivative action
  - ☐ Securities litigation
  - ☐ Trade secrets
  - ☐ Trust litigation



EXHIBIT A

Case Number: CACE-18-01~~35 Division: 03

Filing # 74318606 E-Filed 06/29/2018 02:38:31 PM

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

Case No.:

RICHARD BREESE,

      Plaintiff,

v.

HARBOR FREIGHT TOOLS USA, INC.,

      Defendant.

_____/

# SUMMONS

THE STATE OF FLORIDA:

To All and Singular the Sheriffs of the Said State:

      YOU ARE HEREBY COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

**HARBOR FREIGHT TOOLS USA, INC.**
**By Serving: CORPORATE CREATIONS NETWORK INC.**
**11380 PROSPERITY FARMS RD #221E**
**PALM BEACH GARDENS, FL 33410**

      Each defendant is required to serve written defenses to the Complaint or Petition on Brandon L. Chase of the LAW OFFICES OF BRANDON L. CHASE, P.A. at The Ingraham Building, 25 Southeast 2nd Avenue, Eighth Floor, Miami, Florida 33131, within thirty (30) days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

      WITNESS my hand and the Seal of this Court.

      JUL 03 2018      As clerk of Said Court:

      BY: _____

BRENDA D. FORMAN

1

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su ccuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judicares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pur vous proteger. Vour etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous ne deposez pas votre reponse ecrite dans le relair requis, vous risquez de perde la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en memetemps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

2

Filing # 74318606 E-Filed 06/29/2018 02:38:31 PM

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

Case No.:

RICHARD BREESE,

       Plaintiff,

v.

HARBOR FREIGHT TOOLS USA, INC.,

       Defendant.

_____/

## COMPLAINT

    Plaintiff, RICHARD BREESE, by and through undersigned counsel, sues Defendant, HARBOR FREIGHT TOOLS USA, INC., a Foreign Profit Corporation (hereinafter "HARBOR FREIGHT"), and alleges as follows:

### JURISDICTIONAL STATEMENT AND IDENTIFICATION OF PARTIES

    1.    This is an action in excess of fifteen thousand dollars ($15,000.00) and within the jurisdiction of this Court.

    2.    At all times material hereto, Plaintiff, RICHARD BREESE, is a resident of Monroe County, Florida and otherwise is *sui juris*.

    3.    At all times material hereto, Defendant, HARBOR FREIGHT, was authorized to do business in the State of Florida and doing business in Broward County, Florida.

4.     At all times material hereto, Defendant, HARBOR FREIGHT, owned, operated, and/or controlled the premises at 104 North 28th Avenue, Hollywood, Florida 33020, known as Harbor Freight Tools Store No.: 504.  Said premises is a hardware store open to the public.

5.     Venue is proper in Broward County, Florida, because the incident which is the subject of this Complaint took place at the Harbor Freight Tools Store No.: 504 described above.

6.     The Plaintiff has performed, executed, or otherwise complied with all conditions precedent to the bringing of this claim.

### FACTS GIVING RISE TO THE COMPLAINT

7.     That on or about April 24, 2016, Plaintiff RICHARD BREESE, was lawfully on the premises as described above as a business invitee.

8.     That on or about April 24, 2016, Plaintiff RICHARD BREESE, was paying for his purchases at the checkout counter and brushed up against a piece of sharp metal attached and protruding therefrom, sustaining a large laceration to his left leg and other injuries.

9.     Upon information and belief, the checkout counter had not been inspected or maintained for an unreasonable amount of time, creating a dangerous and/or hazardous condition.

10.     Upon information and belief, said incident was caused by the metal protrusion at the checkout counter, in a high traffic area, which HARBOR FREIGHT permitted to remain on the subject premises for an unreasonable amount of time and in an unreasonably dangerous manner.

11.     That on or about April 24, 2016, RICHARD BREESE, sustained serious bodily injuries to his body due to the negligent manner in which the premises was maintained.

### COUNT I
### NEGLIGENCE AGAINST HARBOR FREIGHT

12.     Plaintiff realleges and re-adopts Paragraphs one (1) through eleven (11) as if fully set forth herein.

13.     On or about April 24, 2016, HARBOR FREIGHT owed the Plaintiff a legal duty of reasonable care in maintaining the premises in a reasonably safe condition, free from foreign objects and substances, dangerous conditions and hazards, that might foreseeably give rise to injury or damage to the Plaintiff.

14.     Notwithstanding this duty, HARBOR FREIGHT through its agents, servants, employees, and/or apparent agents, breached the duty to maintain the premises in a reasonably safe condition by committing one or more of the following acts of commission and/or omission;

    a.  Failing to inspect the premises for the existence of such unreasonably dangerous conditions that the Defendant had actual knowledge of, or should have known of, or had constructive knowledge due to the length of time the dangerous condition existed or due to the regularity with which the dangerous condition occurs on the subject property;

    b.  Failing to reasonably and properly maintain the above mentioned premises, to-wit; by allowing a sharp metal protrusion to remain at the checkout counter where patrons were expected to approach to complete purchases and allowing the counter to remain sharp, unattached, damaged, sharp or otherwise hazardous, which resulted in the metal protrusion and dangerous condition which was the cause of the injury, which the Defendant had actual knowledge of, or should have known of, or had constructive knowledge due to the length of time the dangerous condition existed or due to the regularity with which the dangerous condition occurs on the subject property;

    c.  Failing to warn, by sign or otherwise, as to the existence of the unreasonably dangerous condition, to wit; the metal protrusion, located in a high traffic area, which the Defendant had actual knowledge of, or should have known of, or had constructive knowledge due to the length of time the dangerous condition existed or due to the regularity with which the dangerous condition occurs on the subject property;

    d.  Failing to exercise reasonable care in the maintenance of the hardware store checkout counter;

    e.  Failing to otherwise undertake reasonable efforts to repair and/or remedy any unreasonably dangerous conditions that Defendant had actual knowledge of, or should have known of, or had constructive knowledge due to the length of time the dangerous condition existed or due to the regularity with which the dangerous condition occurs on the subject property;

    f.  Failing to implement proper safety measures to prevent injury to patrons, including the Plaintiff; and

    g.  Failing to remove the known dangerous condition.

15.    As a direct and proximate result of the negligence of HARBOR FREIGHT, Plaintiff, RICHARD BREESE, was injured in and about his body and extremities and/or aggravated a pre-existing condition; suffered pain therefrom; suffered physical handicap; suffered disfigurement; suffered mental pain and suffering; aggravation of a pre-existing condition; suffered loss of income; suffered loss of capacity for the enjoyment of life and/or incurred medical expenses for the care and treatment of his injuries. Said injuries are permanent and are continuing in nature, and the Plaintiff will continue to suffer these losses and impairments in the future.

**WHEREFORE**, Plaintiff, RICHARD BREESE, demands judgment against Defendant, HARBOR FREIGHT TOOLS USA, INC., in an amount in excess of fifteen thousand dollars ($ 15,000.000), for all damages and costs, and demands a trial by jury on all issues so triable as a matter of right.

*[This space intentionally left blank]*

4

LAW OFFICES OF BRANDON L. CHASE, P.A
CHASE JUSTICE℠

Dated June 29, 2018,

LAW OFFICES OF BRANDON L. CHASE, P.A.
25 Southeast 2nd Avenue
Eighth Floor
Miami, Florida 33131
Telephone:   (305) 677-2228
Facsimile:    (305) 677-3232

By:        /s/ Brandon L. Chase
Brandon L. Chase, Esq., Florida Bar No. 90961
Primary E-mail:   bchase@cruiselawmiami.com
Secondary E-mail: assistant@cruiselawmiami.com

Filing # 74318606 E-Filed 06/29/2018 02:38:31 PM

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT IN AND FOR
BROWER COUNTY, FLORIDA

Case No.:

RICHARD BREESE,

        Plaintiff,

v.

HARBOR FREIGHT TOOLS USA, INC.,

        Defendant.

_____/

## NOTICE OF SERVICE OF FIRST SET OF INTERROGATORIES TO DEFENDANT

Plaintiff, RICHARD BREESE, by and through undersigned counsel, pursuant to Rule
1.340 of the Florida Rules of Civil Procedure, hereby gives notice and serves the Defendant,
HARBOR FREIGHT TOOLS USA, INC., with the attached Interrogatories to be answered under
oath and in writing within forty-five (45) days after service hereof.

*[This space left intentionally blank]*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served along with the Summons and Complaint upon the Defendant.

Respectfully submitted,

**LAW OFFICES OF BRANDON L. CHASE, P.A.**
25 Southeast 2nd Avenue
Eighth Floor
Miami, Florida 33131
Telephone:     (305) 677-2228
Facsimile:     (305) 677-3232

By:     _____/s/ Brandon L. Chase_____
Brandon L. Chase, Esq., Florida Bar No. 90961
Primary E-mail:   bchase@cruiselawmiami.com
Secondary E-mail: assistant@cruiselawmiami.com

## INSTRUCTIONS

1.      In answering these interrogatories, you are required to furnish all information that is presently available to you or that can be obtained through reasonable inquiry, including information in the possession of your attorneys, accountants, advisors, or other persons directly or indirectly employed at, or connected with, you or your attorneys, and anyone else otherwise subject to your control.

2.      Answer each interrogatory separately and fully in writing, under oath, unless it is objected to, in which event the reasons for each objection must be stated in lieu of the answer.

3.      Each interrogatory is intended to, and does, request that each and every part thereof be answered as though it were the subject of, and were asked by, a separate interrogatory.

4.   If these interrogatories cannot be answered in full, answer to the extent possible, specify the reason for your inability to answer the remainder, and state whatever information and knowledge you have regarding the unanswered portion.

5.   With respect to each interrogatory, and subpart thereof, in addition to providing the information requested, also:

   a.   Identify each document upon or which forms a basis for your answer to these interrogatories;

   b.   Identify each person who assisted or participated in preparing and/or supplying any of the above information given in answer to or relied upon in preparing answers to these interrogatories;

   c.   State whether the information furnished is within personal knowledge and, if not, the names, if known, of each person to whom the information is a matter of personal knowledge.

   d.   If you maintain that any document or record which relates to your interrogatory answer has been destroyed, state the contents of the document, the location of any copies of said document, the date the document was destroyed and the name of the person who ordered or authorized the destruction.

6.   You may, in lieu of identifying any document, attach a true copy of such document or communication as an Exhibit to its answers to these Interrogatories along with an explicit reference to the Interrogatory to which each such attached document or communication relates.

7.   Grammar and syntax as used in these interrogatories shall be construed and interpreted to give proper meaning to its context. By way of illustration, and not by way of limitation,

the singular may be construed to include the plural, the singular and the use of any gender or tense may be construed to include all genders and tenses.

## DEFINITIONS

1.  "Complaint" means the complaint is this action.

2.  "Document" means any written or graphic matter or other means of preserving thought or expression, and all tangible things from which information can be processed or transcribed, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copy or otherwise, including, but not limited to correspondence, memoranda, notes, messages, letters, telegrams, teletype, telefax bulletins. meetings, or other communications, inter-office and intra-office telephone calls, diaries, chronological data, minutes, books, reports, charts, ledgers, invoices, worksheets, receipts, returns, computer printouts, prospectuses, financial statements, schedules, affidavits, contracts, canceled checks, transcripts, statistics, surveys, magazine or newspaper articles, releases (and any and all drafts, alterations, and modifications, changes and amendments of any of the foregoing), graphs or aural records or representations of any kind, including without limitation, photographs, charts, graphs, microfiche, microfilm, video-tape, recordings, motion pictures and electronic, mechanical or electric recordings or representations of any kind (including without limitation, tapes, cassettes, disks, and recordings). and including the file and file cover.

3.  "Communications" means any oral or written statement, dialogue, colloquialism. discussion, conversation and agreement.

4. The term "all documents" means every document or group of documents for communication as above defined known to you and every such document or communication which can be located or discovered by reasonable diligent efforts.

5. The term "you" and "your" means the party to whom these Interrogatories are addressed, including the party's employees and agents and all other persons acting or purporting to act on the party's behalf.

6. "Person" means any natural person, individual, proprietorship, partnership, corporation, association, organization, joint venture, firm, other business enterprise, governmental body, group of natural persons or other entity.

7. "Identify", when used with reference to a natural person, means to state the following:

    a. His full name and address (or if the present address is not known, his last known address).

    b. The full name and address of each of his employers, each corporation of which he is an officer or director and each business in which he is a principal;

    c. His present (or if the present is not known, his last known) position and his position or positions at the time of the act to which the interrogatory answer relates;

    d. Each position he has ever held with you and the date such positions were held;

    e. Such other information sufficient to enable Plaintiff(s)/Defendant(s) to identify he person.

8. "Identify", when used with reference to any entity other than a natural person, means:

    a. State the full name of the entity, the type of entity (e.g., corporation, partnership, etc.), the address of its principal place of business, its principal business activity

and, if it is a corporation, the jurisdiction under the laws of which it has been organized and the date of such organization;

b.   Identify each of the entities' officers, directors, shareholders or other principals;

c.   State whatever other information you may have concerning the existence or identity of the entity.

9.   "Identify", when used with reference to a document or communication, means to state the following:

a.   Its nature (e.g., letter, telegram, memorandum, chart, report, study), date, author, date and place of preparation and the name and address of each addressee, if there is an addressee;

b.   The identity of each signor to the document or communication;

c.   The title or heading of the document or communication;

d.   Its substance;

e.   Its present (or, if the present is not known, the last known) location or custodian;

f.   The identity of each person to whom a copy was sent and each date of its receipt and each date of its transmittal or other disposition by (1) you and (2) any other person (naming such other person) who, at the time, either received, transmitted or otherwise disposed of such document or communication and each copy thereof;

g.   The circumstances of each such receipt and each transmittal or other disposition, including identification of the persons from whom received and the person to whom transmitted.

## INTERROGATORIES

1.      What is the name and address of the person answering these interrogatories, and, if applicable, the person's official position or relationship with the party to whom the interrogatories are directed?

2.      Describe any and all policies of insurance which you contend cover or may cover you for all allegations set forth in Plaintiff's Complaint, detailing as to such policies, the names of the insurer, policy numbers, the effective dates of the policies, the available liability limits, and the name and address of the custodian of the policy.

3.      Describe in detail how the incident described in the Complaint happened, including all actions taken by you to prevent the incident.

4.　　Describe in detail each act or omission on the part of any party to this lawsuit that you contend constituted negligence that was a contributing legal cause of the incident in question.

5.　　State the facts upon which you rely for each affirmative defense in your answer.

6.　　Do you contend any person or entity other than you is, or may be, liable in whole or part for the claims asserted against you in this lawsuit?  If so, state the full name and address of each such person or entity, the legal basis for your contention, the facts or evidence upon which your contention is based, and whether or not you have notified each such person or entity of your contention.

7.      Were you charged with any violation of the law (including any regulations or ordinances) arising out of the incident described in the complaint?  If so, what was the nature of the charge; what plea or answer, if any, did you enter to the agency that heard the charge; was any written report prepared by anyone regarding this charge, and, if so, what is the name and address of the person or entity that prepared the report; do you have a copy of the report; and was the testimony at any trial, hearing, or other proceeding on the charge recorded in any manner, and if so, what is the name and address of the person who recorded the testimony?

8.      List the names and addresses of all persons who are believed or known by you, your agents, or your attorneys, to have any knowledge concerning any of the issues in this action; and specify the subject matter about which the witness has knowledge.

9.      Have you heard or do you know about any statement or remark made by or on behalf of any party to this lawsuit, other than yourself, concerning any issue in this lawsuit?  If so, state the name and address of each person who made the statement or statements, the name and address of each person who heard it, and the date, time, place, and substance of the statement.

LAW OFFICES OF BRANDON J. CHASE, P.A
CHASE JUSTCE[SM]

10.     State the name and address of every person known to you, your agents, or attorneys who has knowledge about, or possession, custody, or control of any model, plat, map, drawing, motion picture, video tape or photograph pertaining to any fact or issue involved in this controversy, and describe as to each, what such person has, the name and address of the person who took or prepared it, and the date it was taken or prepared.

11.     Do you intend to call any expert witnesses at the trial of this case?  If so, state as to each such witness, the name and business address of the witness, the witness's qualifications as an expert, the subject matter upon which the witness is expected to testify, the substance of the facts and opinions to which the witness is expected to testify, and a summary of the grounds for each opinion.

12.     Have you made an agreement with anyone that would limit that party's liability to anyone for any of the damages sued upon in this case?  If so, state the terms of the agreement and the parties to it.

13.    Please state if you have ever been a party, either plaintiff or defendant, in a lawsuit other than the present matter, and if so, state whether you were plaintiff or defendant, the nature of the action, and the date and court in which such suit was filed.

14.    Please list the store policy you have concerning the maintenance, upkeep and inspection of the checkout counter described in the Complaint, and the name and address of the person or persons responsible for executing those policies on the day of the incident.

15.    Please list the names and addresses of all employees or persons known to you which appear on the written incident report or which helped in the writing or completion of the report. Furthermore, please list the name and address of any person assigned specifically to the safety of patrons and business invitees on the day of the incident, such as floor managers or safety officers.

_____
Authorized Representative for
**HARBOR FREIGHT TOOLS USA, INC.**

STATE OF _____   )
                        ) ss.
COUNTY OF _____   )

        BEFORE ME personally appeared _____ who after being

duly sworn says that the above and foregoing Answers to Interrogatories are true and correct.

        The foregoing instrument was acknowledged before me this ___ day of _____,

2018, by _____, who is personally known to me or who has

produced the following identification _____, as identification and

who did not take an oath.

_____
NOTARY PUBLIC

Print Name: _____

My Commission expires:

Filing # 74318606 E-Filed 06/29/2018 02:38:31 PM

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

Case No.:

RICHARD BREESE,

        Plaintiff,

v.

HARBOR FREIGHT TOOLS USA, INC.,

        Defendant.

_____/

## PLAINTIFF'S FIRST REQUEST FOR ADMISSION TO DEFENDANT

Plaintiff, RICHARD BREESE, by and through undersigned counsel, pursuant to Florida Rules of Civil Procedure 1.370, hereby requests Defendant to admit, in this action, that each of the following statements are true:

1.    Admit that the Defendant is authorized to do and transact business in Broward County, Florida.

2.    Admit that the Defendant owned the premises on the day of the subject incident which gave rise to this lawsuit.

3.    Admit that the Defendant operated the premises on the day of the subject incident which gave rise to this lawsuit.

4.    Admit that the Defendant controlled the premises on the day of the subject incident which gave rise to this lawsuit.

5.    Admit that the Defendant occupied the premises on the day of the subject incident which gave rise to this lawsuit.

6.      Admit that on the date alleged in the Complaint, the Plaintiff was a business invitee of the Defendant.

7.      Admit that the named Defendant is the proper party to this lawsuit.

8.      Admit that while at the Defendant premises the Plaintiff suffered bodily injuries as a result of the subject incident.

9.      Admit that the Defendant owed a duty to the business invitees to exercise reasonable care.

10.     Admit that said duty required Defendant to keep the premises in a reasonably safe condition for the safety of the Plaintiff.

11.     Admit that the Defendant breached the duty owed to the Plaintiff by failing to have the premises in a reasonably safe condition.

12.     Admit that the Defendant failed to warn the Plaintiff that there was a hazardous condition at the checkout counter where the Plaintiff was completing a purchase.

13.     Admit that the Plaintiff had no prior knowledge of these conditions.

14.     Admit that the hazardous condition could have been discovered by a reasonable inspection by the Defendant.

15.     Admit that video surveillance of Defendant's premises captured both the incident concerning Plaintiff and the moments which immediately preceded it.

16.     Admit that Defendant has policies in place to periodically check for, and/or remove or clean, hazardous conditions or obstacles in the store, including shelving, metal plating, or other parts of the store which, when left unmaintained and/or uninspected, present a hazard to patrons.

17.    Admit that after the incident concerning the Plaintiff, the sharp metal edge was secured, marked with warnings, and/or modified in some way so as to make mitigate the danger posed by the dangerous condition to other patrons.

18.    Admit that Defendant's employees were located near the checkout counter where the Plaintiff was injured immediately prior to the incident.

19.    Admit that an employee of the Defendant walked near the dangerous condition immediately prior to the incident.

20.    Admit that an employee had been notified of the dangerous condition resulting from the exposed sharp metal edge near the checkout counter, prior to Plaintiff's injury.

21.    Admit that Defendant has a policy in place to inspect the area around the checkout counter for hazards and dangerous conditions.

22.    Admit that Defendant, or the Defendant by and through its agents, employees, or contractors, constructed and/or purchased the checkout counter in use at the time and location of the subject incident.

23.    Admit that Defendant was aware or should have been aware of the need to maintain and/or inspect the checkout counter.

24.    Admit that Defendant has procedurally inspected the store premises, including the checkout counter, for hazards to patrons and/or corrected hazards made known to Defendant through reasonable and/or procedural inspection.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served along with the Summons and Complaint upon the Defendant.

Respectfully submitted,

**LAW OFFICES OF BRANDON L. CHASE, P.A.**
25 Southeast 2nd Avenue
Eighth Floor
Miami, Florida 33131
Telephone:    (305) 677-2228
Facsimile:    (305) 677-3232

By:    _____/s/ Brandon L. Chase_____
Brandon L. Chase, Esq., Florida Bar No. 90961
Primary E-mail:    bchase@cruiselawmiami.com
Secondary E-mail: assistant@cruiselawmiami.com

Filing # 74318606 E-Filed 06/29/2018 02:38:31 PM

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

Case No.:

RICHARD BREESE,

        Plaintiff,

v.

HARBOR FREIGHT TOOLS USA, INC.,

        Defendant.

_____/

## <u>PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT</u>

Plaintiff, RICHARD BREESE, by and through undersigned counsel, pursuant to Florida

Rules of Civil Procedure 1.350, hereby requests Defendant HARBOR FREIGHT TOOLS USA,

INC. (hereinafter "HARBOR FREIGHT"), to produce and permit counsel for Plaintiff to inspect

and copy each of the following documents within forty-five (45) days of service:

For each and every item not produced and for which you claim privilege and/or an

objection, please attach a privilege log pursuant to Florida Rules of Civil Procedure.

## REQUESTS

1.     All insurance policies that would insure to the benefit of the RICHARD BREESE, together with any declaration of coverage page and sworn statement of a corporate office of the Defendant attesting to the coverage and authenticity of the policy as required by Florida Statues.

2.     Any and all surveillance films or photographs of RICHARD BREESE taken by you or anyone on your behalf.

3.     Any surveillance/CCTV tapes which show or depict the subject incident, or the two hours prior to the incident and two hours subsequent to the incident.

4.     Any and all statements taken by the Defendant of any witnesses with regard to any fact relevant to this case, taken prior to the filing of suit in this matter.

5.     A complete list of personnel working at the subject premises at the time of the incident.

6.     Any and all photographs taken by the Defendant of the scene of the incident or RICHARD BREESE at any time prior to filing the suit or after.

7.     Any and all statements taken of the Plaintiff in this case.

8.     Any and all maintenance records of the subject premises for the period of three months prior to the incident giving rise to this lawsuit, including but not limited to invoices, work orders, memoranda, bills, shift schedules, or other writings.

9.     Any and all manuals or written policies and procedures as it concerns the maintenance and care of subject property.

10.    Copies of any and all written, inspection, and/or maintenance procedures for the subject premises that gives right to this action, which were in effect at the date and time of the incident.

11.     Any and all written contracts and/or agreements with any person or entity for the maintenance and/or service of the subject property which were in effect on the date of the subject incident and for the one-year period preceding.

12.     Any and all written documents including, but not limited to written complaints, pleadings, incident/accident reports, statements or other writings reflecting any prior accidents or incidents giving rise to bodily injuries at the premises described in the Complaint of any person for the three (3) year period prior to the date of the accident described in the Complaint.

13.     Any and all photographs or depictions of the store's checkout counter prior to the incident described in the Complaint.

14.     Any and all photographs or depictions of the store's checkout counter subsequent to the incident described in the Complaint.

15.     Copies of any and all writings relevant to the maintenance of the checkout counter in question and/or any other writings reflecting work done on the store's checkout counter subsequent to the incident.

16.     Copies of any receipt, purchase order, and/or record of assembly or design that shows work done to the checkout counter from the time it was installed.

17.     Copies of any receipt, purchase order, and/or record of assembly or design that references maintenance to the checkout counter after installation.

18.     Any and all blue prints of the subject premises as it was at the time of the incident as described in the Complaint.

19.     Any warnings, signage, disclaimers, or notices posted or displayed at the subject premises notifying patrons of hazards on or about the floors or low-lying areas.

20.     Any warnings, signage, disclaimers, policies, or notices posted or displayed at the subject premises requiring patrons to use close-toed shoes or specific footwear when navigating the subject premises.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served along with the Summons and Complaint upon the Defendant.

Respectfully submitted,

**LAW OFFICES OF BRANDON L. CHASE, P.A.**
25 Southeast 2nd Avenue
Eighth Floor
Miami, Florida 33131
Telephone:    (305) 677-2228
Facsimile:     (305) 677-3232

By:    _____/s/ Brandon L. Chase_____
      Brandon L. Chase, Esq., Florida Bar No. 90961
      Primary E-mail:   bchase@cruiselawmiami.com
      Secondary E-mail: assistant@cruiselawmiami.com